IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DANIEL SILVESTRI-UBRI,

      Petitioner,                                      OPINION AND ORDER

    v.                                                     25-cv-397-wmc

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondent.

_____

      Petitioner Daniel Silvestri-Ubri ("Silvestri-Ubri"), also known as Joel DeJesus-Marquez, a/k/a Mayer, a/k/a Adrian De La Rosa-Baez, is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Silvestri-Ubri has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief from an order of deportation entered against him by Bureau of Immigration and Customs Enforcement ("ICE") officials with the United States Department of Homeland Security that has resulted in the denial of time credits towards his sentence. (Dkt. #1). The petition must be dismissed for the reasons explained below.

OPINION

      A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C.

1

§ 2241(c)(3).  Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner, whose true name is Adrian De La Rosa-Baez, is presently incarcerated as the result of a federal conviction for conspiracy to distribute and possess with intent to distribute heroin and more than 500 grams of crystal methamphetamine in violation of 21 U.S.C. § 846.  He received a sentence of 120 months' imprisonment followed by a 5-year term of supervised release in that case.  *See United States v. Daniel Silvestri-Ubri, a/k/a Joel DeJesus-Marquez a/k/a Mayer*, No. 3:16CR128-01 (M.D. Penn. June 4, 2019).  His projected release date is September 14, 2026.

In a federal habeas corpus petition dated April 7, 2025, petitioner seeks relief from an order of removal entered against him by ICE on March 8, 2019.  (Dkt. #1, at 1.)  According to documents attached to the petition, a final order of removal has been entered against him.  (Dkt. #1-2.)  Petitioner complains that the order of removal is invalid and, as a result of that removal order, prison officials have denied him earned time credits under the First Step Act ("FSA").  *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

To the extent that petitioner seeks relief from the order of removal entered against him,

2

it is well established that district courts do not have subject matter jurisdiction to consider such issues under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). This statute makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders of removal. 8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders"). As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam). Because petitioner plainly challenges the validity of his removal order, his petition must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Daniel Silvestri-Ubri (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 16th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge